**In re: David Lamont CHAPPLE, Movant.**

**No. 01–1769.**

United States Court of Appeals, Sixth Circuit.

Nov. 13, 2001.

Before KEITH, BOGGS, and MOORE, Circuit Judges.

## ORDER

David Lamont Chapple seeks an order from this court, pursuant to 28 U.S.C. § 2244, authorizing the district court to consider a successive motion for habeas corpus relief under 28 U.S.C. § 2254.

Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, which amended § 2244, requires that a state prisoner cannot file a second or successive habeas corpus petition in the district court until the court of appeals issues an order authorizing the district court to consider the second petition. The appellate court may grant an applicant permission to file a second habeas or successive petition under § 2244(b)(2) only if the court can certify that:

1) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

3) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The applicant is required to make a prima facie showing that he is entitled to relief under § 2244 before permission to file his successive petition may be granted.

In 1979, Chapple was convicted of possession of a firearm during the commission of a felony and first degree murder. He was sentenced to life imprisonment for the murder conviction and two years of imprisonment for the firearm conviction. Chapple's prior habeas corpus petitions were dismissed as meritless. In his request to file a third petition, Chapple argues that his trial and appellate attorneys were ineffective for several reasons.

As Chapple's arguments do not satisfy the requirements of § 2244(b)(2), he has not made a prima facie showing that he is entitled to habeas corpus relief. Therefore, we deny Chapple's motion seeking permission to file a successive § 2254 petition in the district court.